**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| TALESSIA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23cv460 |
| | ) | |
| T.V. STATIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on the Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application") (Docket Entry 1) filed by Talessia White (the "Plaintiff") in conjunction with her pro se Complaint (Docket Entry 2) against "T.V. & Radio Networks" (id. at 1).[1] The undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

### RELEVANT STANDARDS

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted).

---

1 Docket Entry page citations utilize the CM/ECF footer's pagination.

"Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . (i) is frivolous . . . [ or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). According to the United States Supreme Court, factually frivolous complaints involve "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).[2] In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

Moreover, although federal courts must "liberally construe[]" pro se filings, Estelle v. Gamble, 429 U.S. 97, 106 (1976), "[t]he liberal construction which [courts] are obliged to afford to a pro se complaint is not without bounds," Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 290 (4th Cir. 2013). "Admittedly, pro se complaints represent the work of an untutored hand requiring special judicial solicitude. Nevertheless, they may present obscure or extravagant claims defying the most concerted efforts to unravel them. . . . [J]udges are not mind readers, and

---

2    Notably, complaints presenting "[c]laims that are essentially fictitious," such as ones asserting "'bizarre conspiracy theories,'" also merit dismissal under the substantiality doctrine. Newby v. Obama, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)); see Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 289 (4th Cir. 2013) (explaining that, per the Supreme Court, "the substantiality doctrine forbids the federal district courts from exercising subject matter jurisdiction over claims that are attenuated and insubstantial, absolutely devoid of merit, obviously frivolous, or no longer open to discussion" and that "[t]he substantiality doctrine has also been equated by the [Supreme] Court with a federal court's dismissal of claims that are 'essentially fictitious'"); see also O'Brien v. United States Dep't of Just., 927 F. Supp. 382, 385 (D. Ariz. 1995) ("On their face, [the p]laintiff's allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this Court's jurisdiction.").

3

the principle of liberal construction does not require them to conjure up questions never presented to them . . . or to construct full-blown claims from sentence fragments." Id. at 290-91 (brackets and internal quotation marks omitted).

As to the second ground for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Further, although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s

4

requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (affirming dismissal of pro se complaint); <u>accord</u> <u>Atherton v. District of Columbia Off.</u> <u>of the Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting <u>Erickson</u>, 551 U.S. at 94; then quoting <u>Iqbal</u>, 556 U.S. at 679)).

## DISCUSSION

Plaintiff brings her pro se Complaint against defendants that she identifies as "T.V. Stations," specifically, "[a]ll stations in [the] United States," and "Radio Stations," specifically, "[a]ll stations in [the] United States." (Docket Entry 2 at 2; <u>see also</u> <u>id.</u> at 4 (identifying defendant as "T.V. Networks: NBC[,] CBS[,] ABC, Fox[,] etc." and its state of incorporation as "All Network[s] in [the] <u>United States</u>" (capitalization and emphasis in original)).) For the "Statement of Claim" (<u>id.</u> at 4 (emphasis omitted)), the Complaint states (in full): "Stressing me, No peace of mind, use of my name Taking my privacy, Mental abuse, exploiting me, Violating my rights Mentally Forcing me out of a home." (<u>Id.</u> (capitalization in original).) According to the Complaint, these

5

actions have caused Plaintiff more than $75,000 in damages in the form of "[t]rips to psychiatrists and the number of years I was used. Over 10 years — stressing, etc[.]" (<u>Id.</u> (specifying grounds for satisfying $75,000 amount in controversy requirement for diversity jurisdiction).)[3] As relief, the Complaint requests that the Court order the defendants "[t]o stop using my name, stop addressing me negatively. Stop watching me[.]" (<u>Id.</u>)

As a preliminary matter, the Complaint lacks sufficient factual allegations to state a plausible claim against any television or radio station, let alone all the television and radio stations in the United States. (<u>See</u> <u>id.</u> at 1-5.) At best, the Complaint contains the type of conclusory, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," <u>Iqbal</u>, 556 U.S.

---

[3] Federal courts possess jurisdiction over "actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Notably, though, such "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff does not satisfy the requirements for diversity jurisdiction, given that she identifies herself as a citizen of North Carolina and purports to sue all television and radio stations/networks in the United States, which would include North Carolinian stations. (<u>See</u> Docket Entry 2 at 2-4.) However, federal courts also possess jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and the Complaint asserts federal question jurisdiction, without elaboration as to the grounds for such jurisdiction (<u>see</u> Docket Entry 2 at 3). Regardless of whether other defects preclude federal jurisdiction, the Court should dismiss the Complaint for the reasons in the discussion that follows above, including frivolity.

6

at 678, that "fail[] to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), necessitating dismissal. In addition, Plaintiff's allegations qualify as "fanciful, fantastic, and delusional," Denton, 504 U.S. at 33 (citations and internal quotation marks omitted). Even liberally construed, Plaintiff seeks damages for "clearly fictitious factual claims," Stratton, 521 F. App'x at 289, best described as "bizarre and delusional," O'Brien v. United States Dep't of Just., 927 F. Supp. 382, 385 (D. Ariz. 1995), and "ris[ing] to the level of the irrational [and] the wholly incredible," Denton, 504 U.S. at 33. As such, the Court should also dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

This action fails as frivolous and also fails to state a viable claim.

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

7

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous and failing to state a claim on which relief may be granted.

This 14th day of September, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
